UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL M. BOLAND,

                Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**OPINION AND ORDER**

20 Civ. 7312 (ER) (BCM)

---

Ramos, D.J.:

    Daniel M. Boland brings this action pursuant to § 405(g) of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Before the Court is a Report and Recommendation ("Report" or "R&R") from the Honorable Barbara C. Moses, United States Magistrate Judge.[1] See Doc. 36. For the reasons stated herein, the Court adopts Judge Moses' recommendation to deny Boland's motion for judgment on the pleadings, grant the Commissioner's cross-motion, and dismiss the case.

I.    BACKGROUND

    Boland applied for DIB on May 15, 2017 and for SSI on June 17, 2017, alleging that he was entitled to benefits on the basis of traumatic brain injury, epilepsy, left eye blindness, and cognitive impairment. Doc. 25 at 78–79, 182–89. On October 25, 2017, both applications were denied. Id. at 82–88. Boland then requested a hearing before administrative law judge ("ALJ") Sandra R. DiMaggio Wallis, which was held on May 14, 2019. Id. at 31–51. Boland appeared with counsel at the hearing and testified, as did vocational expert Rebecca Hill. Id. The ALJ

---

[1] Judge Moses initially issued the Report on February 28, 2022. She issued the amended Report now before the Court on March 1, 2022. See ECF No. 35, Doc. 36. The amendments address editing errors and are non-substantive. See ECF No. 35. References to the "Report" or "R&R" are to the amended Report. Doc. 36.

issued a decision on August 2, 2019, finding that Boland was not disabled under the meaning of the Social Security Act. *Id.* at 9–22. Boland appealed the ALJ's determination to the Social Security Administration's Appeals Council on August 19, 2019, which denied his request for a review on July 6, 2020. *Id.* at 5–7.

Boland brought this action on September 8, 2020, which the Court referred to Judge Moses. Docs. 1, 10. The parties cross-moved for judgment on the pleadings on September 20, 2021, and November 19, 2021. Docs. 29, 31.

On March 1, 2022, Judge Moses issued the Report, recommending that the Commissioner's motion for judgment on the pleadings be granted and Boland's motion denied, because the ALJ's decision was supported by substantial evidence. Doc. 36. The Report included notice to the parties that any objections must be filed within fourteen days. *Id*. at 23. At Boland's request, the Court granted him an extension until March 29, 2022 to file any objections to the Report. Doc. 38. No objections have been filed. Moreover, Boland, through counsel, confirmed to the Court via email on March 30, 2022, that he did not intend to file any objections to the Report. The parties have therefore waived their right to object to the Report. *See Dow Jones & Co., Inc. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga Cty*, 517 F.3d 601, 604 (2d Cir. 2008)).

**II.    LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95 Cr 1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has

timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III. DISCUSSION

No party has objected to the R&R, and Boland has expressly disclaimed any intention to do so. The Court has reviewed Judge Moses' thorough and well-reasoned Report and finds no error, clear or otherwise.

### IV. CONCLUSION

The Court therefore adopts Judge Moses' Report in full, for the reasons stated in the Report. Accordingly, Boland's motion for judgment on the pleadings is DENIED and the Commissioner's cross-motion is GRANTED, and the case is dismissed. In addition, the parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *Male Juvenile*, 121 F.3d at 38).

The Clerk of Court is respectfully directed to terminate the motions, Docs. 29 and 31, and to close this case and enter judgment consistent with this Order.

It is SO ORDERED.

Dated: March 31, 2022
New York, New York

EDGARDO RAMOS, U.S.D.J.

3